UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 25-5445-JFW(PD)**                                          Date: September 8, 2025

Title:     Terrence Morris, et al. -v- Good Neighbor Homes LLC, et al.

---

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                                  **None Present**
**Courtroom Deputy**                                **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**               **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING CASE FOR FAILURE TO REFILE COMPLETE *IN FORMA PAUPERIS* REQUEST OR PAY FILING FEE**

All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).

On July 25, 2025, the Court postponed ruling on Plaintiff Terrence Morris's *in forma pauperis* request ("Request") because it was incomplete. (Dkts. 3, 10). The Court directed Plaintiff to either: (1) refile a fully completed Request and a one-page statement; or (2) pay the full filing fee. (Dkt. 10). The Court warned that if Plaintiff did not comply within 30 days, the case would be dismissed without prejudice. (*Id.*).

To date, Plaintiff Morris has not responded to the Court's Order. Accordingly, this action is **DISMISSED without prejudice**.[1] *See, e.g., Roberts v. Soc. Sec. Dep't*, 2022 WL 4088755, at *2 (S.D. Cal. Sept. 6, 2022) (finding that action may be dismissed without prejudice where plaintiff fails to establish *in forma pauperis* status and does not pay the required filing fee). All other pending matters are **TERMINATED**.

IT IS SO ORDERED.

---

[1] When Plaintiff Morris filed his Request, he filed it on behalf of himself and the only other Plaintiff, JOB Family Trust (the "Trust"). In this case, no attorney has appeared on behalf of Plaintiff Trust and, instead, Plaintiff Morris appears to be attempting to represent Plaintiff Trust. However, "a trust . . . cannot represent itself in federal court. Rather, a trust must appear through licensed counsel." *United States v. Dillon*, 2023 WL 3797153, at *3 (D. Idaho June 2, 2023); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). In addition, even if Plaintiff Morris could represent Plaintiff Trust or Plaintiff Trust could appear *pro se*, Plaintiff Trust has, like Plaintiff Morris, failed to respond to the Court's July 25, 2025 Order by either refiling a fully completed Request and a one-page statement, or paying the full filing fee.

Initials of Deputy Clerk  sr