# UNITED STATES DISTRICT COURT

Edward R. Roybal Federal Building and United States Courthouse
255 East Temple Street Los Angeles, CA 90012-3332

JOB Family TRUST

Plaintiff,

v.

Good Neighbor Homes, LLC, Olivia Reyes, Mortgage Connect LP, Trustee Corp, MTC Financial DBA Trustee Corp, Finance of America Reverse, LLC

Defendants.

Case No. ~~2:25-cv-05445-JFW-PD~~ CV 25-5445-JFW

**Violation** 28 USC 1331 (a) RP Federal Question : Real Property

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM OF POINTS & AUTHORITIES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff, respectfully moves this Court for the entry of default judgment against Defendants pursuant to Fed. R. Civ. P. 55(b). In support thereof, Plaintiff submits the following Memorandum of Points & Authorities.

## NOTICE OF MOTION AND MOTION

Plaintiff hereby moves the Court for an Order:

1. Entering default judgment against all Defendants;

2. Awarding damages as proven at hearing or via affidavits;

3. Compelling Defendants to produce all withheld discovery and subpoenaed documents within ten (10) days or be barred from introducing such evidence at any later stage;

4. Awarding Plaintiff attorneys' fees, costs, and sanctions pursuant to Fed. R. Civ. P. 37(b), 28 U.S.C. § 1927, and the Court's inherent authority.

This motion is made on the grounds that Defendants were properly served, have failed to plead or otherwise defend, and have willfully refused to comply with discovery obligations.

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

This case involves Defendants' unlawful conduct concerning Plaintiff's real property and mortgage loan. Despite proper service of process, Defendants have failed to file an answer or otherwise defend, in direct violation of the Federal Rules of Civil Procedure. Further, Defendants have ignored subpoenas and discovery requests seeking critical documents regarding ownership, transfers, and title.

Defendants' willful failure to participate demonstrates bad faith, prejudice to Plaintiff, and complete disregard for this Court's authority. Accordingly, entry of default judgment and sanctions is warranted.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55, the Court may enter default judgment against a party who "has failed to plead or otherwise defend." Once default is entered, the factual allegations of the complaint, other than those relating to damages, are deemed admitted. Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

The Ninth Circuit has identified factors guiding the Court's discretion in entering default judgment:

1. The possibility of prejudice to the plaintiff;

2. The merits of plaintiff's substantive claim;

3. The sufficiency of the complaint;

4. The sum of money at stake;

5. The possibility of a dispute concerning material facts;

6. Whether default was due to excusable neglect; and

7. The strong policy favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Where defendants' noncompliance is willful and prejudicial, these factors favor judgment.

## III. ARGUMENT

### A. Defendants Have Failed to Appear or Defend

Defendants were properly served with the Complaint on June 16, 2025. Proofs of service are on file. Under Rule 12(a)(1)(A)(i), Defendants had 21 days to file an answer. They have not answered, filed a responsive pleading, or otherwise defended. This Court may therefore enter default judgment under Rule 55(b).

See United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming default judgment where defendant failed to answer).

### B. Plaintiff Will Suffer Prejudice Without Default Judgment

Plaintiff seeks relief regarding Defendants' improper handling of mortgage obligations and ownership interests in the subject property. Without judgment, Plaintiff cannot obtain clarity of title or prevent ongoing injury. Courts routinely recognize prejudice where a plaintiff cannot proceed to resolution due to defendant's failure to defend. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### C. Plaintiff's Claims Are Meritorious and Well-Pleaded

For purposes of this motion, the allegations of the Complaint are deemed admitted. Plaintiff's claims—including lack of standing, wrongful foreclosure, and violations of federal mortgage statutes—are sufficiently pleaded to establish liability. See Geddes, 559 F.2d at 560.

### D. Defendants' Discovery Misconduct Warrants Sanctions

In addition to defaulting procedurally, Defendants have refused to comply with subpoenas and document requests, obstructing discovery of ownership, payment transfers, and deeds. Under Rule 37(b)(2)(A), this Court may impose sanctions, including striking defenses and rendering default judgment.

See Hammond Packing Co. v. Arkansas, 212 U.S. 322, 351 (1909) (upholding default judgment as sanction for discovery violations). See also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 916–17 (9th Cir. 1987) (upholding default where defendant refused to comply with discovery).

### E. The Eitel Factors Strongly Favor Default Judgment

1. Prejudice: Plaintiff cannot obtain relief absent judgment.

2. Merits and Sufficiency: Complaint states valid claims with supporting factual allegations.

3. Amount at Stake: Relief is proportionate to Defendants' misconduct.

4. No Material Dispute: By defaulting, Defendants concede liability.

5. No Excusable Neglect: Defendants are sophisticated entities; nonappearance is willful.

6. Policy Favoring Merits: This policy is outweighed where Defendants refuse to participate.

Default judgment is therefore appropriate.

## IV. REQUEST FOR RELIEF

For the reasons stated, Plaintiff respectfully requests the Court issue an Order:

1. Entering Default Judgment against all Defendants pursuant to Rule 55(b);

2. Awarding Plaintiff damages to be determined at hearing or via affidavit;

3. Compelling immediate production of subpoenaed and requested documents, or in the alternative, barring Defendants from introducing such evidence;

4. Awarding Plaintiff attorneys' fees and costs incurred in bringing this motion;

5. Imposing additional sanctions as the Court deems just, pursuant to Rule 37(b)(2), 28 U.S.C. § 1927, and the Court's inherent authority.

## V. CONCLUSION

Defendants have disregarded their obligations under the Federal Rules and this Court's authority. Their refusal to appear or comply with discovery is willful, prejudicial, and obstructive. The Court should therefore grant default judgment, sanctions, and compel full relief to Plaintiff.

Respectfully submitted,

JOB Family TRUST